We promise to pay Starkey Sharpe, one hundred pounds, with interest from 1 January last, for value received, as (307) witness our hands and seals this 22 June, 1810.
 JAMES JONES, (SEAL.) JNO. WINBORNE, (SEAL.)
Witness: JNO. ASKEW.
The suit was commenced in May, 1816, and the Defendants pleaded severally. The executors pleaded "general issues and fully administered." The Defendant, Winborne, pleaded the "general issue and statute of limitations." Upon the trial in the County Court, the jury found for the executors upon their plea of "fully administered," and against Winborne upon his plea of "the statute of limitations." From the judgment of the County Court, Winborne appealed, and in the Superior Court a motion was made to dismiss the appeal, upon the ground that Winborne alone had appealeld [appealed]. The case was sent to the Supreme Court upon the motion to dismiss the appeal, and upon the further point made in the case, whether under Laws 1814, ch. 17, the Defendant, Winborne, could avail himself of the statute of limitations in this action, the note having been executed and become payable before the passage of the act.
Upon the first point, the Court were unanimous that the appeal was rightfully granted, and the motion to dismiss should be disallowed. Upon the second point, TAYLOR, Chief Justice, and HENDERSON, Judge, were of opinion that the *Page 228 
statute of limitations barred the Plaintiff's demand; and HALL, Judge, was of a different opinion.
This being a joint obligation, the remedy at Common Law would have survived against Winborne; and if suit had been brought against the executors alone, they might have pleaded the survivorship in bar, or have given it in evidence under the general issue. Engs. v. Donithorne, 2 Burr, 1196. Postan v. Stanevy, 5 East. 261. But the remedy is extended by act of Assembly against the heirs, (308) executors and administrators of the deceased obligor, as well as against the survivor; and suits may be brought and prosecuted on all joint obligations and assumpsits, in the same manner as if they were joint and several. Act of 1797, ch. 57. In this case the pleas were several: "The general issue and fully administered" were entered for the executors, and "the general issue and statute of limitations" for Winborne. The finding of the Jury was several; for it does not appear that a judgment of quando was prayed against the executors; they went without day, while a judgment must be supposed to have been rendered against Winborne upon the statute of limitations.
It has been decided in this Court, that under the broad expressions of the act of 1789, if an assumpsit be brought against two, the Jury may find against one and in favor of the other, thus severing by their verdict a joint contract, upon which the suit was brought. From all this it is evident, that the judgment against the parties in this action was not joint. Now the rule in writs of error is, that all persons against whom a joint judgment is given must join in it; (Walter v. Stokoe, 1 Ld. Ray. 71) or, if any of them refuse, he or they should be summoned and severed. Carth. 8. But if there be five Defendants, and three be acquitted, the writ of error be prosecuted by the two alone. Vaughan v. Loriman, Cro. Jac., 138. In some cases they must all join, where the judgments are in their nature, several; as where an action is brought against three executors, one of whom pleaded "plene administravit" generally, upon which the Plaintiff took judgment against him of assets quando, c. and the other two Defendants pleaded judgments, et plene administraverunt ultra: the Plaintiff replied that the judgments were obtained by fraud; and, upon the trial, had a verdict: whereupon those two Defendants brought a writ of error, and the Court held that all three ought to have joined. 1 Wilson, 88. But though the *Page 229 
judgments in that case were several, yet they were (309) rendered against all three of the Defendants; and I believe no case is to be found where a party who is discharged by the judgment is necessarily to be joined; and one of the case cited shews it would be error to do so. Indeed there is an apparent absurdity in requiring a party to join in the prosecution of a writ of error, in whose favor the judgment below had been rendered; and summons and severance apply only where the judgment was given against a party who will not join.
This being the law in relation to writs of error, no reason occurs why it is not alike the rule with respect to appeals. An appeal is a proceeding by statute to remove the cause altogether, for the purpose of reconsidering both the fact and the law. A writ of error is founded on the Common Law, and operates only by reconsidering the law. Both are regulated by Laws 1777, ch. 2, and in language of nearly the same import. There is, indeed, a slight variation in the description of the parties:" where any person or persons, either Plaintiff or Defendant," are the terms used with respect to appeals; but "where any person" are applied to a writ of error, the latter seeming to contemplate only one party. If the trial below was an issue to the contrary, the trial upon appeal shall be de novo: by which I understand the trial of that which is appealed from, which, in this case, is the finding of the jury against Winborne on the statute of limitations. It is true, that the Plaintiff will be obliged in the Superior Court, to satisfy the words of the act and make it a trial de novo; but the idea I mean to convey is, that it is only meant to be de novo as to the party against whom the judgment was given in the Court below, and who alone has appealed therefrom. Whether the analogy to writs of error would be strictly enforced, where the judgment was rendered against all the Defendants, though but one appealed, is a question of some nicety, which, whenever it occurs, will merit consideration. I perceive that, in one of the states, in giving a construction to an act of Assembly substantially the same with ours, the Court considered that where one (310) Defendant appealed, he appealed for all the others, none of whom had entered into the recognizance which the act required.Hurlbut v. Meachum, 2 Tyler 396. Upon the first question, I am clearly of opinion, that the appeal was rightly constituted in the Superior Court.
Upon the other ground also, I am of opinion the Defendant is entitled to judgment. The Legislature have undertaken *Page 230 
to prescribe the time within which actions shall be brought, which it is perfectly competent for them to do; and this action was not brought within three years after the cause of action accrued.